UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE DRUG AND NARCOTIC CENTER, INC.; ASPEN SPECIALTY INSURANCE COMPANY; and M.H., as guardian for her minor daughter, J.M.A.<br><br>Defendants. | No.<br><br>**PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") by and through its counsel, Soha & Lang, P.S., pleads and alleges as follows:

## I.  NATURE OF ACTION

In this Declaratory Relief Action, Philadelphia seeks the following relief:

1.1   A declaration of the rights, duties, and liabilities of Philadelphia under the policies of insurance it issued to Seattle Drug and Narcotic Center Inc. ("SeaDruNar") with respect to the underlying lawsuit against SeaDruNar, *M.H. vs. SeaDruNar, Inc.*, King County Superior Court Cause No.: 17-2-25848-2 SEA ("Underlying Lawsuit").

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 1
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

1.2 A declaration that Philadelphia is entitled to reimbursement from Aspen Specialty Insurance Company ("Aspen") in sums commensurate with the amount Philadelphia has paid in excess of its share of defense and/or indemnity costs (if any) in the Underlying Lawsuit.

## II.  PARTIES

2.1 Plaintiff Philadelphia is a foreign insurance company with its principal place of business in Bala Cynwyd, Pennsylvania. Philadelphia is authorized to do business and is doing business in the state of Washington.

2.2 Defendant SeaDruNar is a drug treatment facility located in Seattle, Washington.

2.3 Defendant Aspen is a corporation duly organized under the laws of the state of North Dakota, with its principal place of business in Rocky Hill, Connecticut. On information and belief, Aspen is authorized to do business and is doing business in the state of Washington.

2.4 Defendant J.M.A. is the plaintiff in the Underlying Lawsuit and upon information and belief is a resident of Pierce County. M.H. is the guardian of her minor daughter, J.M.A.

## III.  JURISDICTION AND VENUE

3.1 The Court has subject matter jurisdiction over this action for a declaratory judgment pursuant to 28 U.S.C. § 2201, because an actual justiciable controversy exists between the parties within the Court's jurisdiction. This action involves a dispute of the application of insurance coverage for a suit brought against SeaDruNar.

3.2 The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the action is between

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 2
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

1  citizens of different states.  The commercial general liability policies at issue in this action for
2  declaratory relief have a sublimit of $1,000,000 for the type of damages claimed against
3  SeaDruNar.

4      3.3    The Court has personal jurisdiction over Philadelphia because it is a corporation
5  that does business in Washington State.  The Court has personal jurisdiction over Aspen
6  because it is a corporation that does business in Washington State. The Court has personal
7  jurisdiction over SeaDruNar, because it is a corporation that is located in Washington State and
8  does business in Washington State.

9      3.4    Venue is proper pursuant to 28 U.S.C. § 1391(a) because the underlying civil
10 action (described more fully herein) and the events from which that action arose, took place in
11 Seattle, Washington, which is within the judicial district of the United States District Court for
12 the Western District of Washington.

13                    **IV.    STATEMENT OF FACTS**

14 **A. Underlying Complaint**

15     4.1    On October 2, 2017, the Underlying Lawsuit was filed against SeaDruNar,
16 alleging that the underlying plaintiff, identified as "J.M.A." ("Underlying Plaintiff") was the
17 victim of sexual abuse perpetrated by her father, Jeff Amiotte, and "several other individuals,"
18 while Jeff Amiotte received treatment at SeaDruNar between 2008 and 2009.

19     4.2    The Underlying Lawsuit alleges that SeaDruNar invited J.M.A. to live at the
20 facility and attend its "Childcare Program" on weekends, and made assurances to J.M.A.'s
21 mother that SeaDruNar would protect her from any potential harm while at the facility.

22     4.3    The Underlying Lawsuit alleges that J.M.A. was required to stay with her father,
23 despite requests that she stay in the female wing of the facility.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 3
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

4.4     The Underlying Lawsuit alleges that J.M.A. was sexually abused by Jeff Amiotte and "several other individuals" nearly every time she stayed at SeaDruNar on the weekends.

4.5     The Underlying Lawsuit alleges that the abuse suffered by J.M.A. was due to SeaDruNar's negligence, failure to "take reasonable precautions to protect J.M.A. from sexual abuse," failure to "exercise reasonable care in the hiring, training, and supervision of its employees," and failure to "properly investigate red flags of sexual abuse."

4.6     The Underlying Lawsuit alleges that J.M.A. "suffered from sexual attacks, mental anguish, and emotional distress."

4.7     On December 29, 2017, Philadelphia agreed to participate in SeaDruNar's defense against the claims alleged in the Underlying Lawsuit subject to a reservation of all rights.

4.8     Aspen has also agreed to participate in SeaDruNar's defense against the claims alleged in the Underlying Lawsuit subject to a reservation of all rights.

4.9     SeaDruNar, Philadelphia, and Aspen have agreed that defense costs and fees shall be allocation equally between Philadelphia and Aspen; Philadelphia and Aspen have jointly retained defense counsel to defend SeaDruNar, subject to a reservations of rights, including, but not limited to the right to withdraw from SeaDruNar's defense upon a court's determination of no duty to defend and the right seek reallocation.

**B.  The Insurance Policies at Issue**

4.10    Philadelphia issued the following primary policies to SeaDruNar (collectively, "Philadelphia Primary Policies"):

    a.  Policy PHPK529885  (2/28/2010-11) ("2010 Policy");

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 4
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

    b.  Policy PHPK682099  (2/28/2011-12) ("2011 Policy");
    c.  Policy PHPK823571  (2/28/2012-13) ("2012 Policy");
    d.  Policy PHPK979927  (2/28/2013-14) ("2013 Policy");
    e.  Policy PHPK1134018 (2/28/2014-15) ("2014 Policy);
    f.  Policy PHPK1291100 (2/28/2015-16) ("2015 Policy);
    g.  Policy PHPK1455296 (2/28/2016-17) ("2016 Policy");
    h.  Policy PHPK1617636 (2/28/2017-18) ("2017 Policy");

4.11 Philadelphia issued the following excess policies to SeaDruNar (collectively, "Philadelphia Excess Policies"):

    a.  Policy PHUB298484 (2/28/2010-11) ("2010 Excess Policy");
    b.  Policy PHUB335690 (2/28/2011-12) ("2011 Excess Policy");
    c.  Policy PHUB372526 (2/28/2012-13) ("2012 Excess Policy");
    d.  Policy PHUB411439  (2/28/2013-14) ("2013 Excess Policy");
    e.  Policy PHUB449776 (2/28/2014-15) ("2014 Excess Policy");
    f.  Policy PHUB489118 (2/28/2015-16) ("2015 Excess Policy");
    g.  Policy PHUB530631 (2/28/2016-17) ("2016 Excess Policy");
    h.  Policy PHUB574408 (2/28/2017-18) ("2017 Excess Policy");

4.12 Philadelphia issued claims-made Policy PHSD1213434 (2/28/2017-18) ("Flexi Plus Five Policy") to defendant SeaDruNar.

4.13 Aspen issued policy CR2415209A0H (02/28/09-02/28/10) ("2009 Aspen Policy") to defendant SeaDruNar. On information and belief, Aspen may have issued additional policies to defendant SeaDruNar with earlier policy periods (collectively "Aspen Policies").

4.14 SeaDruNar is the first Named Insured on the Philadelphia Primary Policies and the Philadelphia Excess Policies;

4.15 On information and belief, SeaDruNar is the first Named Insured on the Aspen Policies.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 5
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

**C. Philadelphia Primary Policies**

4.16     Each of the Philadelphia Primary Policies provide coverage for the insured's vicarious liability for sexual abuse committed during the policy period subject to a sublimit and other terms, conditions, and exclusions.

4.17     The 2010 through 2013 Primary Policies provide coverage for sexual abuse vicarious liability under an exclusion/sublimit endorsement to the general liability coverage form.

4.18     The 2014 through 2017 Primary Policies provide coverage for sexual abuse vicarious liability via a standalone sexual abuse coverage form.

4.19     Each of the Philadelphia Primary Policies contains a "deemer" provision assigning all sexual abuse to the policy in effect at the time of the actual or alleged abuse.  The Aspen policies were in effect at the time of the alleged abuse. None of the acts or omissions alleged took place during the period of the Philadelphia Primary (or Excess) Policies.

4.20     Each of the Philadelphia Primary Policies contains anti-stacking provisions, that limit coverage to a single policy limit if one or more Philadelphia Primary Policies apply.

4.21     The Philadelphia Primary Policies provide coverage for the insured's vicarious liability for sexual abuse if, and only if, the actual or alleged sexual abuse takes place during the policy period.

4.22     The Philadelphia Primary Policies provide Claims-Made Professional Liability coverage on a claims made and reported basis; however, an exclusion precludes coverage for sexual abuse.

4.23     The Philadelphia Primary Policies are subject to the "Other Insurance" provisions contained therein that may bar or limit coverage.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 6
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

**D. Philadelphia Excess Policies**

4.24   The 2010 and 2011 Excess Policies contain a sexual abuse exclusion, which precludes coverage for the claims alleged in the Underlying Lawsuit.

4.25   The 2012 through 2017 Excess Policies provide excess sexual abuse vicarious liability coverage on a following form basis, subject to the terms, conditions, and exclusions of the Philadelphia Primary Policies.  As such, there is no excess coverage for sexual abuse that occurred prior to the inception of the 2012 Excess Policy.

4.26   Philadelphia has no duty to defend under the Philadelphia Excess Policies when any other insurer has a duty to defend and/or when another insurer defends the insured.

4.27   The Philadelphia Excess Policies each contain an "other insurance" clause, which provides that the Philadelphia Excess Policies are excess to any other insurance, and will not contribute with any other insurance.

4.28   Philadelphia Excess Policies include follow form claims-made and reported excess Professional Liability Coverage, which, among other things, is subject to a sexual abuse exclusion.

**E. Flexi Plus Five Policy**

4.29   The Flexi Plus Five Policy provides Directors and Officers Liability coverage on a claims made and reported basis.

4.30   Directors and Officers Liability coverage excludes coverage for "Bodily Injury," as defined, which precludes coverage for the claims alleged in the Underlying Lawsuit.

4.31   Directors and Officers Liability coverage excludes coverage for sexual abuse, which precludes coverage for the claims alleged in the Underlying Lawsuit.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 7
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

4.32   Directors and Officers Liability contains a Professional Services Exclusion, which precludes coverage for the claims alleged in the Underlying Lawsuit.

4.33   Directors and Officers Liability coverage contains a Medical Malpractice Exclusion, which precludes coverage claims in any way involving medical or professional malpractice and which precludes coverage for the claims alleged in the Underlying Lawsuit.

4.34   The Flexi Plus Five Policy provides for reimbursement only, and does not include a duty to defend.

4.35   The Flexi Plus Five Policy contains a non-duplication of coverage provision applicable to any policies issued by Philadelphia.

### V.   First Cause of Action –Declaratory Relief

5.1   Philadelphia incorporates by reference the allegations of all paragraphs above as if fully alleged herein.

5.2   In accordance with 28 U.S.C. §2201, Philadelphia seeks a ruling from this Court that the Policies do not provide coverage for the Underlying Lawsuit.

5.3   An actual justiciable controversy exists between Philadelphia and Defendants concerning whether there is insurance coverage under the Policies for the claims asserted in the Underlying Complaint.

5.4   The Philadelphia policies do not provide coverage for claims that do not fall within the scope of coverage or that are excluded by the language of the policies.  Philadelphia has no duty to defend and no duty to indemnify SeaDruNar against the claims alleged in the Underlying Lawsuit, in whole or in part, for one or more of the following reasons:

    a.   The Underlying Lawsuit does not allege sexual abuse occurring within the Philadelphia policy periods.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 8
USDC WD WA/SEA CAUSE NO.

6300.00141 ke044x35sv

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

b. The Underlying Lawsuit alleges multiple incidents of abuse, which under the terms of the Philadelphia Primary Policies and applicable Excess Policies are deemed as one act or occurrence subject to the coverage and limits in effect at the time of the first incident of abuse. The Philadelphia Primary and Excess Policies were not in force at the time of the alleged abuse. Accordingly, the Philadelphia Primary and Excess Policies do not apply.

c. Sexual Abuse Exclusions preclude coverage under the Professional Liability Coverage of the Philadelphia Primary Policies.

d. A Sexual Abuse Exclusion bars coverage under the 2010 Excess Policy and 2011 Excess Policy.

e. Philadelphia has no duty to defend under the Philadelphia Excess Policies because Aspen is defending SeaDruNar in the Underlying Lawsuit.

f. The Flexi Plus Five Policy provides for reimbursement only, and does not include a duty to defend.

g. The Sexual Abuse Exclusion in the Flexi Plus Five Policy bars coverage for the claims alleged in the Underlying Complaint.

h. Coverage under the Flexi Plus Five Policy may also be barred, in whole or in part, by a Bodily Injury Exclusion, a Professional Liability Exclusion, and/or a Medical Malpractice Exclusion.

i. Coverage, if any, is barred or may be reduced or limited pursuant to "other insurance" clauses contained in the Philadelphia Policies.

5.5 In the event that the Court finds that any of the Philadelphia Primary Policies provide coverage for SeaDruNar for the claims alleged in the Underlying Lawsuit, coverage

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 9
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

afforded under the Philadelphia Primary Policies is subject to a single $1 million sublimit, inclusive of defense costs and fees.

5.6     In the event that the Court finds that any of the Philadelphia Excess Policies provide coverage for SeaDruNar for the claims alleged in the Underlying Lawsuit, coverage afforded under the Philadelphia Excess Policies is subject to a single $1 million sublimit.

5.7     Coverage is limited or precluded under other such further policy language or other grounds that may restrict or preclude coverage under the Policies.

5.8     In the event that the Court finds that any policies issued by Philadelphia provide coverage for SeaDruNar for the claims alleged in the Underlying Lawsuit, Philadelphia is entitled to a declaration that the Philadelphia Policies are excess over the coverage provided by the Aspen Policies.

5.9     Philadelphia is entitled to reimbursement/subrogation from Aspen for sums commensurate with the amount Philadelphia has paid in excess of its share of defense and/or indemnity costs (if any) in the Underlying Lawsuit.

## VI.   RESERVATION OF RIGHT TO AMEND

Philadelphia reserves the right to amend its complaint, in whole or in part, as it obtains additional facts through investigation and discovery.

## VII.   PRAYER FOR RELIEF

Plaintiff Philadelphia prays for the following relief:

1.     For a declaratory judgment in its favor stating that:

   a.     The Philadelphia Primary Policies, Philadelphia Excess Policies, and Flexi Plus Five Policy do not provide coverage for the claims asserted against SeaDruNar in the Underlying Lawsuit;

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 10
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

1         b.      Philadelphia has no duty to defend SeaDruNar under any of the Philadelphia Primary Policies, Philadelphia Excess Policies, or the Flexi Plus Five Policy against the claims alleged in the Underlying Lawsuit;

        c.      Philadelphia has no duty to indemnify SeaDruNar under the Philadelphia Primary Policies, Philadelphia Excess Policies, or the Flexi Plus Five Policy in connection with any settlement entered into or judgment entered against SeaDruNar with respect to the claims alleged in the Underlying Lawsuit;

        d.      Philadelphia is entitled to immediately withdraw its defense of SeaDruNar in the Underlying Lawsuit;

        e.      The Philadelphia Primary Policies, Philadelphia Excess Policies, and the Flexi Plus Five Policy are excess to the Aspen Policies;

        f.      Philadelphia is entitled to subrogation/reimbursement from Aspen in sums commensurate with the amount Philadelphia has paid in excess of its share of defense and/or indemnity costs (if any) in the Underlying Lawsuit.

        g.      For attorney's fees and costs to the extent permitted by law; and

        h.      For such other and further relief as this court may deem just and equitable.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT – 11
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv

1  DATED this 7th day of May, 2018.

2                                          SOHA & LANG, P.S.

3

4                                          By: *Paul M. Rosner*
                                              Paul Rosner WSBA # 37146
                                              Email: rosner@sohalang.com

5
                                           By: *Jennifer P. Dinning*
6                                             Jennifer P. Dinning, WSBA # 38236
                                              Email: dinning@sohalang.com
7                                             Attorneys for Plaintiff Philadelphia Indemnity
                                              Insurance Company

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S DECLARATORY
JUDGMENT COMPLAINT – 12
USDC WD WA/SEA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

6300.00141 ke044x35sv