UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br> vs.<br><br>SEATTLE DRUG AND NARCOTIC CENTER, INC.; ASPEN INSURANCE U.K. LIMITED; and M.H., as guardian for her minor daughter, J.M.A.<br><br>      Defendants. | Cause No. 2:18-cv 00664 MJP<br><br>**PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Note on Motion Calendar: December 7, 2018**<br><br>**With Oral Argument Requested** |

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 0
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

6300.00141 ki171n225c.006

# RELIEF REQUESTED

This motion regards an inter-insurer dispute between Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") and Defendant Aspen Insurance U.K. Limited ("Aspen"). It does not involve the insured, Seattle Drug and Narcotic Center, Inc. ("SeaDruNar") or the underlying plaintiff, J.M.A. Philadelphia moves for partial summary judgment and asks this Court to enter an order declaring that it has no duty to indemnify under certain liability insurance coverages issued by Philadelphia between 2010 and 2018.

# I. STATEMENT OF FACTS

## A. The Underlying Suit

Philadelphia and Aspen both insure SeaDruNar, which was sued in the underlying suit of *M.H., as guardian for her minor daughter, J.M.A. v. SEADRUNAR, Inc.*, King County Superior Court Cause No. 17-2-25848-2SEA ("Underlying Suit"). The plaintiff in the Underlying Suit, J.M.A., is a minor.

The underlying complaint alleges as follows.[1] SeaDruNar is a drug treatment center. J.M.A.'s father was a resident at the treatment center. Between 2008 and 2009, J.M.A. stayed overnight with her father on weekends. During these times, J.M.A. was sexually abused by her father and several other men. The underlying complaint alleges that SeaDruNar was negligent for failing to protect J.M.A. from the sexual abuse.

Aspen insured SeaDruNar in the 2008-09 timeframe during which the alleged abuse occurred, while Philadelphia insured SeaDruNar in later years. Both insurers agreed to defend SeaDruNar in the Underlying Suit, and Philadelphia's defense was subject to a reservation of

---

[1] Rosner Dec. Ex. A pp. 6-7.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 1
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

1  rights.[2]

By letter of July 20, 2018, J.M.A. issued a settlement demand. Notably, the demand was for Aspen's policy limit alone; the letter did not make a demand under Philadelphia's policies, expressly conceding that coverage was questionable.[3] Aspen tendered its policy limit, and the Underlying Suit was settled.[4]

**B.　The Aspen Policy**

Aspen issued general liability coverage under insurance policies effective from February 28, 2008 to February 28, 2009, and February 28, 2009 to February 28, 2010.[5] It is undisputed that Aspen's policies were in effect during the time of the alleged abuse.

**C.　The Philadelphia Policies**

Philadelphia issued, among others, a series of primary policies effective from February 28, 2010 through the present (collectively, the "Policies"):[6]

- Policy PHPK529885  (2/28/2010-11) ("2010 Policy")
- Policy PHPK682099  (2/28/2011-12) ("2011 Policy")
- Policy PHPK823571  (2/28/2012-13) ("2012 Policy")
- Policy PHPK979927  (2/28/2013-14) ("2013 Policy")
- Policy PHPK1134018 (2/28/2014-15) ("2014 Policy")
- Policy PHPK1291100 (2/28/2015-16) ("2015 Policy")
- Policy PHPK1455296 (2/28/2016-17) ("2016 Policy")
- Policy PHPK1617636 (2/28/2017-18) ("2017 Policy")
- Policy PHPK1782171 (2/28/2018-19) ("2018 Policy")

The Policies fall into two categories for purposes of this motion. First, the 2010

---

[2] *Id.* at Ex. B p. 11.
[3] *Id.* at Ex. C pp. 38, 39.
[4] *Id.* at Ex. D.
[5] *See* Dkt. No. 20 at 4:5-6.
[6] Rosner Dec. Exs E-M.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 2
USDC WD WA/SEA CAUSE NO.  2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

through 2013 Policies provide general liability coverage under Commercial General Liability Form, CG 00 01 12 07.[7] Second, the 2014 through 2018 Policies provide sexual abuse coverage under Sexual or Physical Abuse or Molestation Vicarious Liability Coverage Form, PI-SO-008 (1/99) ("Sexual Abuse Form").[8]

**D.   The Current Lawsuit**

Philadelphia filed this action against Aspen, SeaDruNar and J.M.A. seeking a declaration as to its rights and obligations under its insurance policies. In view of the underlying settlement, this motion only involves Aspen.

As noted, Aspen's insurance was in effect during the alleged abuse. Despite this, Aspen contends that Philadelphia owes a contribution to the settlement that Aspen paid on behalf of the insured. Philadelphia now moves the Court to enter an order ruling that Philadelphia has no duty to indemnify under (1) the general liability coverage in the 2010-2013 Policies and (2) the sexual abuse coverage in the 2014-2018 Policies.

## II. EVIDENCE RELIED ON

For its motion for summary judgment, Philadelphia relies on argument and authorities herein, the Declaration of Paul Rosner in Support of Philadelphia's Motion for Summary Judgment (and attachments thereto), and the filings and pleadings previously submitted to the Court.

## III. STATEMENT OF ISSUES

1.   Is there is a duty to indemnify under the general liability coverage in the 2010

---

[7] *See Id.* at Ex. E p. 52; Ex. F p. 81; Ex. G p. 110; and Ex. H p. 139.

[8] The 2014-2018 Policies pair the Sexual Abuse Form with exclusions that otherwise preclude coverage for sexual abuse: Form CG 21 46 07 98 in the 2014-17 Policies; and form PI-SAM-006 01 17 in the 2018 Policy. *See* Rosner Dec. Ex. I pp. 189, 204; Ex. J pp. 231, 245; Ex. K pp. 273, 288; Ex. L pp. 315, 330; and Ex. M pp. 369, 372. As a result, the only potential avenue for sexual abuse coverage is under the Sexual Abuse Form.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 3
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

through 2013 Policies?

2. Is there is a duty to indemnify under the sexual abuse coverage in the 2014 through 2018 Policies?

### IV. AUTHORITY AND ARGUMENT

**A. General Standards**

    **1. Summary Judgment Standard**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

    **2. Duty to Indemnify Standard**

The duty to indemnify exists only if the policy actually covers the insured's liability. *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404, 229 P.3d 693 (2010). Where a matter settles without trial, courts may rely on the undisputed facts in the underlying complaint and those facts known to the parties in addressing the duty to indemnify. *Aetna Cas. & Sur. Co. v. Puget Sound Power & Light Co.*, 1989 WL 85751, at *2 (9th Cir. 1989) (unpublished).[9]

    **3. Rules of Interpretation**

The interpretation of insurance policies is a question of law. *Hess v. North Pacific Ins.*

---
[9] Rosner Dec. Ex. N.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 4
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

*Co.*, 122 Wn.2d 180, 186, 859 P.2d 586 (1993). In construing the language of an insurance policy, the entire contract must be construed together so as to give force and effect to each clause. *Id*. If the language in an insurance contract is clear and unambiguous, the court must enforce it as written and may not modify the contract or create ambiguity where none exists. *Id*.

**B. Philadelphia Has No Duty to Indemnify under the General Liability Coverage of the 2010 – 2013 Policies**

In the 2010 through 2013 Policies, the Commercial General Liability Form provides in part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies….

\* \* \*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period . . .

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

**3.** "Bodily Injury":[10]

    a. Means bodily injury, sickness or disease sustained by a person, and includes mental anguish resulting from any of these; and

---

[10] As modified by General Liability Deluxe Endorsement: Human Services, Form PI-GLD-HS 04 07 (2010 through 2012 Policies) and Form PI-GLD-HS 10 11 (2013 Policy). *See* Rosner Dec. Ex. E p. 73; Ex. F p. 102; Ex. G p. 131; and Ex. H p. 165.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 5
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

     b.  Except for mental anguish, includes death resulting from the foregoing (Item a. above) at any time.

* * *

  **13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. [11]

* * *

Under this language, coverage is provided for "bodily injury" caused by an "occurrence" that occurs during the policy period. Aspen has the burden to show that these requirements are met. S*ee Olivine Corp. v. United Capitol Ins. Co.*, 147 Wn.2d 148, 165, 52 P.3d 494 (2002).

  Two complementary decisions demonstrate the application of this language. In *Wellbrock v. Assurance Co. of Am.*, 90 Wn. App. 234, 951 P.2d 367 (1998), the insured damaged tree roots when it was clearing and grading a lot. A few years later, a damaged tree fell and killed a person. Insurance was in effect when the insured damaged the tree roots but not when the tree fell. *Id*. at 238 n. 8. The Washington Court of Appeals held that there was no coverage for the claim. It reasoned that, based upon the policy language at issue, the liability-triggering occurrence was the incident causing injury to decedent (the falling of the tree) after the policy period, and not the damage to the tree roots during the policy period. *Id*. at 243.

  The inverse situation was presented in *Allstate Ins. Co. v. Cameron*, 2006 WL 314337 (W.D. Wash. Feb. 8, 2006). There, the insured struck the decedent in an altercation in 1998. Six years later, in 2004, the decedent died from a blow to the head sustained in 1998. The insured did not have insurance in effect in 1998, at the time of the altercation, but did have it in 2004, at the time of death. The court applied *Wellbrock* and determined that coverage did not apply under the policy issued in 2004 even though post-injury aftereffects were alleged:

---

[11] Rosner Dec. Ex. E pp. 52, 65; Ex. F pp. 81, 94; Ex. G pp. 110, 123; and Ex. H pp. 139, 152.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 6
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

> In this case, the "event causing injury to the complaining party," *Wellbrock*, 951 P.2d at 372, is unquestionably the 1998 altercation in which Mr. Anderson suffered a blow to the head…. The [insureds'] focus on the *Wellbrock* court's refusal to attach significance to "the earlier event that created potential for future injury," *id.*, is unavailing. In *Wellbrock*, the "earlier event" was the damage to trees on an adjoining property, an event that caused no injury to the aggrieved party. By contrast, the "earlier event" in this case was the May 1998 altercation, an event that caused an immediate bodily injury to Mr. Anderson. This distinction is critical under Washington law.

*Cameron*, at *5. The court also rejected the insured's proffered continuing injury theory: "In this case, the damage to Mr. Anderson was not continuous; it was discrete. The fact that it later developed into a more serious injury than the initial injury is of no consequence." *Id*.

In the present case, as in *Cameron*, the injury-causing event took place before the coverage period. J.M.A. alleged that she suffered bodily injury when she was abused while staying overnight at the SeaDruNar facility in 2008 and 2009. This was prior to the Policies and during Aspen's coverage. There is no allegation of any bodily injury – abuse or otherwise – during the 2010 through 2013 Policies. Because there was no "bodily injury" during the Policies, there is no coverage.

Aspen may attempt to evade the plain and unambiguous allegations by raising a "continuous trigger" theory, *i.e.*, that although the alleged abuse, injury and negligence all occurred during the 2008-2009 time frame, J.M.A.'s injury nonetheless continued into later years because she experienced, *e.g.*, continuing emotional distress. Any such effort would fail.

Consistent with the reasoning of *Cameron*, courts across the country have roundly rejected the argument that a "continuous trigger" applies to support coverage under post-abuse policies, even if the claimant continues to experience effects post abuse. Courts uniformly hold that coverage is triggered only under policies in effect when the sexual abuse actually occurs. *See Roman Catholic Diocese of Joliet, Inc. v. Interstate Fire Ins. Co*., 685 N.E.2d 932, 939 (Ill.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 7
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

App. Ct. 1997) (holding that a policy is triggered by "abuse occurring during its period of coverage"); *Society of Roman Catholic Church v. Interstate Fire & Cas. Co.*, 26 F.3d 1359, 1365 (5th Cir.1994) ("each child suffered an 'occurrence' in each policy period in which he was molested"); *Interstate Fire & Cas. Co. v. Archdiocese of Portland, Oregon,* 35 F.3d 1325, 1329 (9th Cir. 1994) (holding that it is the occurrence, not the damages, that must take place during the policy period; thus, it is the repeated exposure of the victim to the negligently supervised priest, resulting in injury, that is the occurrence providing the basis for indemnification); *Diocese of Winona v. Interstate Fire & Cas. Co.,* 841 F. Supp. 894, 899 (D.Minn.1992) (all insurers providing coverage during the period of abuse were on the risk); *Catholic Bishop of Northern Alaska v. Continental Ins. Co.*, 2010 WL 10095655 at *1 (D. Alaska July 30, 2010)[12] ("post-abuse injuries are **not** covered under the Catholic Mutual policies unless the event of sexual abuse occurred during a Catholic Mutual policy period" (emphasis in original)); *Berkeley Unified Sch. Dist. v. Ins. Co. of the West*, No. A085373, slip op. at 4 (Cal. Ct. App. Mar. 27, 2000)[13] ("In the case of child molestation, the child suffers injury at the time of the molestation"). Washington law would not reach a different result from this overwhelming authority.

An extensive discussion of this issue is provided in the *Berkeley* decision. In that case, the court held that a policy beginning in 1993 did not cover claims of pre-policy sexual abuse whose effects continued during the policy period. *Berkeley* at 3-8. The insuring coverage grant applied to "personal injury . . . caused by an occurrence to which this insurance applies during the policy period," and defined "personal injury" as both "bodily injury" and "mental anguish,

---

[12] *See* Rosner Dec. Ex. O.
[13] *See* Rosner Dec. Ex. P.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 8
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

mental injury, shock or fright arising out of . . . bodily injury." *Id*. at 2. The claimants, who were victims of child sexual molestation, alleged that their mental distress continued for many years even after the alleged molestation had ended. *Id*. at 4. The court stated that the insured improperly relied on third party cases involving exposure to toxic substances to argue a continuous trigger of coverage under the policy. *Id*. at 5. Instead, the court equated a victim of sexual molestation to a victim of an explosion, who may suffer ongoing injury for years after the occurrence, but such injuries would not be covered by subsequent insurance policies. *Id*. In concluding that a continuous trigger of coverage did not apply, the court stated "[w]hether the victim of an explosion or sexual molestation, the injury is attributable to temporally-fixed, discrete events. The continuous injury trigger of coverage rule has no place under these circumstances." *Id*. at 6. [14]

For these reasons, although J.M.A. alleges that she has continued to suffer aftereffects of the abuse such as continuing mental anguish and emotional distress "both past and future,"[15] those alleged aftereffects are a product of a temporally-fixed incident or incidents of sexual abuse. J.M.A.'s alleged aftereffects from the sexual abuse are not new injuries, separate from the abuse that occurred in 2008 and 2009. As such, there is no coverage under the 2010 through 2013 Policies.

Aspen may also raise *St. Paul Fire & Marine Ins. Co. v. Highline Sch. Dist. No. 401*, 2018 WL 4205019 (W.D. Wash. Sept. 4, 2018). There, a school district sought coverage for a lawsuit brought by a former student. In the underlying complaint, the plaintiff alleged that the

---

[14] The same comparison could be made to a victim of an explosion accident, who may suffer physical and emotional injuries over several years, but coverage under successive policies is not triggered because the injury is attributable to a temporally-fixed event. No one would argue that there was coverage under a policy issued literally years after the accident.

[15] Rosner Dec. Ex. A p. 7.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 9
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

school district was liable for her rape that occurred in 1994 when she was a student. *Id*. at *1. The plaintiff filed suit in 2017. The school district tendered defense under coverage in effect from 2009 through 2018 issued by its risk pool. The court denied the risk pool's motion for summary judgment, finding issues of fact on the duty to defend.[16] The court's ruling was based on the statute of limitations that applied to the plaintiff's underlying suit against the school district. It reasoned that the plaintiff had to prove that an injury occurred or was discovered within three years of the filing date of her lawsuit to have a viable claim under the statute of limitations:

> As Highline indicates, to proceed on her underlying claim, [plaintiff] R.T. must establish that she has timely pleaded it, *i.e.*, commenced suit within three years after either the sexual abuse occurred or the act or the injury or condition caused by the act was discovered. *See* RCW 4.16.340. To survive a motion raising the statute of limitations as an affirmative defense, R.T.'s claim must be predicated on an injury or condition discovered after November 7, 2014 (three years before the underlying action was commenced on November 7, 2017). In such event, the Bodily Injury "first arising out of" the rape would arguably be within the Coverage Period.

*Id*. at *2.

The *Highline* court's reliance on the underlying statute of limitations is clear error because it has no bearing on policy interpretation in determining coverage. Statutes of limitations and triggering dates for coverage purposes serve distinct functions and reflect entirely different concerns. Statutes of limitations function to expedite litigation and discourage stale claims. *Bigansky v. Thomas Jefferson University Hosp.,* 442 Pa. Super. 69, 658 A.2d 423, 426 (1995). But when determining when a tort occurs for coverage purposes, courts protect the intent of the parties to the contract. *See City of Erie, Pa. v. Guar. Nat. Ins. Co.*, 109 F.3d 156, 161 (3d Cir. 1997); *see also Tijsseling v. Gen. Acc. etc. Assur. Corp.*, 55

---

[16] The *Highline* court declined to address the duty to indemnify. *Id*. at *3.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 10
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

Cal. App. 3d 623, 628, 127 Cal. Rptr. 681 (1976) ("The statute of limitations . . . establishes the time at which a cause of action accrues. It does not fix the time at which the injury giving rise to the cause of action occurred." "The principal purpose of the rule permitting postponed accrual of certain causes of action is to protect aggrieved parties who, with justification, are ignorant of their right to sue. . . . But we find no authority, and none has been offered, which indicates that the rule has any application to the interpretation of insurance contracts."); *cf. Cameron, supra*, at \*5 ("Nothing in the language of [the] policy … suggests that the accrual of a cause of action is an occurrence.').[17]

Importantly, given its erroneous focus, the *Highline* court never reached the issue presented on the current motion: whether there is any bodily injury during the policy period of an insurance policy in effect years after the physical injury occurs. The *Highline* court halted its analysis after addressing the statute of limitations; it did not determine whether there was actual injury during the coverage periods involved. By contrast, this issue was squarely addressed in *Cameron* and the foreign authorities discussed above.

Finally, *Highline* addressed the duty to defend and not, as here, the duty to indemnify. These standards differ. *See Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64, 1 P.3d 1167 (2000).

Therefore, Philadelphia respectfully requests that the Court grant summary judgment declaring that Philadelphia has no duty to indemnify SeaDruNar with respect to the Underlying Suit under the General Liability Coverage Form in the 2010 through 2013 Policies. Aspen

---

[17] The Highline court also misapplied the statute of limitations it was addressing, holding that the plaintiff therein had to suffer the injury, or discover the act or injury, within the three year period immediately prior to filing suit. *Id*. at \*2. Washington law is contrary. *See Oostra v. Holstine*, 86 Wn. App. 536, 541, 937 P.2d 195 (1997) (Under RCW 4.16.340, "the limitations period only begins to run on the date of the injury-causing act or the date the victim discovers *the nexus between that act and the claimed injury*, whichever is later.") (emphasis added).

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 11
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

cannot show that there was any "bodily injury" caused by an "occurrence" during the policy periods of the 2010 through 2013 Policies.

**C. Philadelphia Has No Duty to Indemnify under the Sexual Abuse Coverage of the 2014 through 2018 Policies**

In the 2014 through 2018 Policies, the Sexual Abuse Form provides in part:

**SECTION I - COVERAGE**

**SEXUAL OR PHYSICAL ABUSE OR MOLESTATION VICARIOUS LIABILITY**

**1. Insuring Agreement**

    a. We will pay those sums that the insured is legally obligated to pay as "damages" because of "bodily injury" to which this insurance applies, if the insured is alleged to be liable for another person's "abusive conduct", by reason of:

        (1) the negligent:
            (a) employment;
            (b) selection;
            (c) investigation;
            (d) supervision;
            (e) reporting to the proper authorities, or failure to so report; or
            (f) retention;
            of any "employee", volunteer or any other person or persons for whom the insured is or ever was legally responsible; or

        (2) the negligent:
            (a) design;
            (b) control;
            (c) maintenance; []
            (d) supervision;
            (e) inspection; or
            (f) investigation of prospective tenants; of your premises, premises in your control or premises you have leased to another; or

        (3) the negligent failure to provide professional services or neglect of the therapeutic needs of a client, patient or other person because of the "abusive conduct".

\* \* \*

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 12
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

    b. This insurance applies to "damages" because of "bodily injury" only if:

      (1) The "bodily injury" is caused by "abusive conduct" that takes place in the "coverage territory";

      (2) The "bodily injury" occurs during the policy period.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

2. "Abusive conduct" means each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or two or more people acting together. Each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by, participated in by, directed by, instigated by or knowingly allowed to happen by one or more persons shall be considered to be one "abusive conduct" regardless of:

 a. the number of injured parties;

 b. the period of time over which the acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct took place; and

 c. the number of such acts or encounters.

"Abusive conduct" consisting of or comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place, for all purposes within the scope of this policy, at the time of the first such act or encounter.

3. "Bodily Injury" means bodily injury, sickness or disease including emotional distress or anguish including death resulting therefrom.[18]

Under this language, coverage is provided for "bodily injury" caused by abusive conduct that occurs during the policy period. As discussed above in Section B, the alleged abuse, injury and negligence all occurred in 2008 and 2009 – several years before the 2014-2018 Policies incepted. For the same reasons, there is no coverage.

---

[18] Rosner Dec. Ex. I pp. 204, 207-208; Ex. J pp. 246, 249-250; Ex. K pp. 288, 291-292; Ex. L pp. 330, 333-334; and Ex. M pp. 372, 375-276.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 13
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

Therefore, Philadelphia respectfully requests that the Court grant summary judgment declaring that Philadelphia has no duty to indemnify SeaDruNar with respect to the Underlying Suit under the Sexual or Physical Abuse or Molestation Vicarious Liability Coverage Form of the 2014 through 2018 Policies. Aspen cannot show that there was any "bodily injury" caused by abusive conduct during the policy periods of the 2014 through 2018 Policies.

## V. CONCLUSION

For the foregoing reasons, Philadelphia respectfully requests that this Court grant its Motion for Partial Summary Judgment, and declare that Philadelphia has no duty to indemnify with respect to the Underlying Suit under the general liability coverage in the 2010-2013 Policies and the sexual abuse coverage in the 2014-2018 Policies. A proposed order is included herewith.

DATED this 15th day of November, 2018.

SOHA & LANG, P.S.

By: */s/Paul Rosner*
Paul Rosner, WSBA #37146
Email address rosner@sohalang.com
Jennifer P. Dinning, WSBA # 38236
Email address dinning@sohalang.com
Sarah E. Davenport, WSBA # 45269
Email address davenport@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff Philadelphia Indemnity Insurance Company

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 14
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006

# CERTIFICATE OF SERVICE

I hereby declare that on November 15, 2018, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Darrell L. Cochran<br>Kevin M. Hastings<br>Pfau Cochran Vertetis Amala PLLC<br>911 Pacific Avenue, Suite 200<br>Tacoma, WA 98402<br>darrell@pcvalaw.com<br>kevin@pcvalaw.com<br>***Attorneys for Defendants M.H. and J.M.A.*** | David Schoeggl<br>David Howenstine<br>Lane Powell, PC<br>1420 Fifth Avenue, Suite 4200<br>Seattle, WA 98111<br>Email: howenstined@lanepowell.com<br>Email: schoeggld@lanepowell.com<br>***Attorney for Defendants Seattle Drug and Narcotic Center and Aspen Insurance U.K. Limited*** |

Dated this 15th day of November, 2018.

/s/Angela Murray
_____
Angela Murray
Legal Secretary to Paul Rosner

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 15
USDC WD WA/SEA CAUSE NO. 2:18-cv 00664 MJP

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00141 ki171n225c.006